IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ARLIN WAYNE WOODALL                                                              PLAINTIFF

vs.                                        Civil No. 4:10-cv-04157

MICHAEL J. ASTRUE                                                                DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Arlin Wayne Woodall ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits, ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff protectively filed an application for DIB and SSI on August 12, 2008. (Tr. 8, 88-101). Plaintiff alleged he was disabled due to depression, high blood pressure, anger problems, and difficulty concentrating. (Tr. 116). Plaintiff alleged an onset date of March 27, 2008. (Tr. 116).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

These applications were denied initially and again upon reconsideration. (Tr. 43-52, 55-61). Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 62-63).

Plaintiff's administrative hearing was held on October 22, 2009, in Texarkana, Arkansas. (Tr. 24-42). Plaintiff was present and was represented by counsel, Michael Angel, at this hearing. *Id.* Plaintiff, and Vocational Expert ("VE") Mac Welch testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-seven (57) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e), and had graduated from high school. (Tr. 27).

On April 21, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 8-18). In this decision, The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 27, 2008, his alleged onset date. (Tr. 10, Finding 2).

The ALJ determined Plaintiff had the severe impairments of mood disorders; depressive disorder, not otherwise specified; rule out dysthymia disorder; rule out major depressive disorder, recurrent without psychotic features; and personality disorder, not otherwise specified. (Tr. 10, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a full range of work at all exertional levels with the following non-exertional

2

mental limitations: a fair ability to relate to co-workers, deal with the public, and interact with supervisors; a fair ability to deal with work stressors; but a good ability to follow work rules, use judgment, function independently, and maintain attention and concentration. (Tr. 12, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ determined Plaintiff's PRW included work as a wash bay attendant. (Tr. 18). Based upon his RFC, the ALJ determined Plaintiff would be able to perform this PRW. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from March 27, 2008 through the date of his decision. (Tr. 18, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On November 15, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 30, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8,9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

4

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8 at 9-21. Specifically, Plaintiff claims the ALJ erred (1) in evaluating his RFC, (2) in evaluating his subjective complaints, and (3) by use of an improper hypothetical question asked of the VE. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 9. Because this Court finds the ALJ improperly evaluated Plaintiff's RFC, this Court will only address this issue Plaintiff raised.

In social security cases, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50). Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,*

360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)).

In the present action, Plaintiff was assessed as having a GAF score of 60 on July 9, 2007 in a progress note from Southwest Arkansas Counseling and Mental Health Center. (Tr. 280). Plaintiff was assessed with this same GAF score on follow up visits on July 11, 16 and 24. (Tr. 277-279). Between June 27, 2008 and November 7, 2008, Plaintiff was assessed with a GAF score of 47 during multiple visits to Southwest Arkansas Counseling and Mental Health Center. (Tr. 268-274, 315-316). Also, on October 14, 2008 Plaintiff was seen by Dr. Betty Feir for a Mental Diagnostic Evaluation. (Tr. 289-294). Dr. Feir assessed Plaintiff with a GAF score of 55. (Tr. 293). The ALJ's opinion only mentioned these GAF scores, but provided no discussion or evaluation of these scores.

It was the ALJ's responsibility to evaluate those GAF scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707. Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with major depressive disorder. (Tr. 262, 267, 281, 292). Thus, considering these facts, because the ALJ did not evaluate Plaintiff's low GAF scores, this case must be reversed and remanded for further evaluation of these scores. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis of Plaintiff's GAF scores should be performed.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

---

[2] Based on these findings, I do not find it necessary to reach to other point of error raised by the Plaintiff in this appeal.

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED** this **6th day of February, 2012.**

                                     /s/   Barry A. Bryant
                                     HON. BARRY A. BRYANT
                                     U.S. MAGISTRATE JUDGE